UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

DANIL LOSINSKII

Petitioner,

v.

**DECISION AND ORDER**
26-cv-01920-JON

SEARLS, ET AL.,

Respondents

Pending before this Court[1] is a second petition for a writ of habeas corpus, filed by petitioner Danil Losinskii on September 10, 2026, Dkt. No. 5, and a motion to dismiss the petition, filed by the respondent warden Jeffrey Searles and other government officers on October 2, 2026, Dkt. No. 12.

No hearing is needed because the facts are not in dispute.

The petitioner is a native and citizen of Russia. On March 19, 2023, he applied for admission to the United States at the Brownsville, Texas, Port of Entry without valid entry documents. On that day he was issued a Notice to Appear before an immigration court and released from the custody of the Department of Homeland Security ("DHS") on parole, with his presence in the United States authorized until March 17, 2024.

Petitioner timely filed an application for asylum on Form I-589 with the United States Customs and Immigration Service ("USCIS") and was later placed in removal proceedings before an Immigration Court. Subsequently, USCIS forwarded his Form I-589 to the Immigration Court.

On September 3, 2025, an Immigration Judge ("IJ") dismissed the removal case. The IJ's Order recites that "[t]his Court issued a CFM Order, dated 5/22/2025, requiring pleadings. Respondents [petitioner in this Court] failed to respond. DHS failed to submit evidence in

[1] This case was assigned to me, sitting by designation as a district judge in the Western District of New York, on September 22, 2026, Dkt. Entry following Dkt. No. 8.

support of the charges in the Notice to Appear, dated 12/4/2024." Petitioner's Submission in Compliance With This Court's Text Order of November 9, 2026, Ex. A. Dkt. No. 18.[2]

The IJ ordered that "the cases [apparently referring to cases arising from NTAs issued before and after petitioner's release on parole] are dismissed arising from DHS's failure to prosecute the charges in each Notice to Appear and submit evidence in support thereof. The dismissal is without prejudice." *Id*.

The petitioner appealed the IJ's Order to the Board of Immigration Appeals ("BIA").[3] His brief to the BIA contends that the IJ erred by failing to consider his asylum application or his *Lozada* claim that his prior counsel was ineffective. That appeal remains pending. No scheduling order has been entered.

Agents of Immigration and Customs Enforcement ("ICE") arrested petitioner on February 22, 2026. Since then he has been confined in the Federal Detention Center at Batavia, NY. As of the date of the filing of this Opinion and Order, he has been detained for approximately nine months.

Petitioner is physically confined in the Federal Detention Center, but he is administratively confined in limbo. The Government has not obtained an order for his removal, his application for asylum has not been adjudicated, and his appeal to the BIA is stalled for lack of a scheduling order. The IJ's failure to rule on petitioner's claim for asylum renders the dismissal order seriously flawed.

The flawed immigration court decision might have relevance to petitioner's case in either of two quite different ways. It might provide a basis for this Court to review and correct the IJ's Order. Or it might be something for this Court to take into account as an aggravating circumstance justifying petitioner's release. His release is warranted primarily because of the length of time he has been confined, which constitutes an impairment of his liberty without due process of law.

The usual route for seeking correction of an IJ's flawed Order is an appeal to the BIA, with, if necessary, a petition for review in the relevant court of appeals. I do not think I have jurisdiction to displace that route by conducting a plenary review of the IJ's Order. However, I have habeas corpus jurisdiction to consider releasing petitioner from confinement as a remedy in view of the length of confinement, exacerbated by the flawed and now stalled

[2] The IJ's Order was submitted to this Court by Petitioner in response to this Court's Text Order, entered November 9, 2026. Dkt. No. 17.

[3] Curiously, on the IJ's Order the box indicating that the Respondent (petitioner in this Court) has waived an appeal is checked. Nevertheless, it is clear that petitioner is pursuing an appeal of the IJ's Order to the BIA. The petitioner has filed with this Court his brief to the BIA, filed with the Board on November 3, 2026, attached as Exhibit B to petitioner's response to this Court's Text Order, filed November 9, 2026. Dkt. No. 18.

immigration court proceedings. I think that jurisdiction permits me to note, but not correct, the flaw in the IJ's Order and order petitioner's release for denial of liberty without due process, subject to appropriate conditions.

"Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require.'" *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). And they are allowed "broad discretion . . . in fashioning the Judgment granting relief to a habeas petitioner." *Id*. In this case, justice requires the release of petitioner, subject to the conditions in 8 U.S.C. § 1231(a)(3).[4]

Accordingly, it is hereby Ordered that the respondent warden release petitioner from confinement within three business days of this Order, and

it is further Ordered that the Government inform this Court when the release has occurred, and

it is further Ordered that the petitioner, while on release, shall be subject to the requirements of 8 U.S.C. § 1231(a)(3).

So Ordered.

Jon O. Newman,
U.S. Circuit Judge,
Sitting by Designation

[4] Although Section 1231(a) is limited to an alien who has been ordered removed, 8 U.S.C. § 1231(a)(1)A), section 1231(a)(3) illustrates Congress's view as to an appropriate set of conditions for an alien at liberty but subject to ICE supervision.